IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARLENE LYNN ROTH, | ) | Civ. No. 07-00045 JMS-BMK |
| | ) | |
| Plaintiff, | ) | FINDING AND |
| | ) | RECOMMENDATION FOR |
| vs. | ) | DETERMINATION OF GOOD |
| | ) | FAITH SETTLEMENT AND |
| MERIDIAN FINANCIAL | ) | DISMISSAL OF CLAIMS |
| NETWORK, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| MERIDIAN FINANCIAL | ) | |
| NETWORK, INC., et al., | ) | |
| | ) | |
| Counterclaimants/ | ) | |
| Cross-Claimants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARLENE LYNN ROTH | ) | |
| | ) | |
| Counterclaim | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OPTION ONE MORTGAGE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Cross-Claim Defendant. | ) | |
| _____ | ) | |

| | |
|---|---|
| MERIDIAN FINANCIAL NETWORK, INC., et al., | )<br>)<br>) |
| Third Party Plaintiffs, | )<br>) |
| vs. | )<br>) |
| 3M INVESTMENTS, INCORPORATED and EXPRESS HOME LOANS, LLC, | )<br>)<br>)<br>) |
| Third Party Defendants. | )<br>) |
| _____ | ) |

### FINDING AND RECOMMENDATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND DISMISSAL OF CLAIMS

This case arose out of a series of loan transactions entered into by Plaintiff Marlene Lynn Roth ("Roth"), who has alleged that "the various defendants failed to fulfill promises made to her concerning her loans and/or failed to make statutorily required disclosures about the terms of her loans." (Roth's Mem. Supp. Pet. For Determination of Good Faith 2.)  Roth has now reached settlement agreements with all parties except 3M Investments, Inc. ("3M") and Express Home Loans, LLC ("Express").

As a result of this settlement agreement, Defendants and Third-Party Plaintiffs Meridian Financial Network, Inc. ("Meridian Financial"), Meridian Mortgage Inc. ("Meridian Mortgage"), Jerry D.C. Park ("Park"), and Barbara A.

2

Yango ("Yango"), joined by Cross-Claim Defendant Option One Mortgage Corporation ("Option One"), Ronald Rabang ("Rabang"), and Roth, have petitioned the Court for a determination of good faith settlement and for a dismissal of all claims, except those between Roth, 3M, and Express.

Option One also filed its own motion for determination of good faith settlement and dismissal of claims, which was joined by Meridian Financial, Meridian Mortgage, Park, Yango, Tedric D.K. Campbell ("Campbell"), Rabang, and Roth.

Defendant, Cross-Claimant, Counter-Defendant, Counter-Claimant, and Third-party Plaintiff Meridian Properties, Inc. ("Meridian Properties"), joined by Roth, has similarly moved for a determination of good faith settlement.

In addition, Roth has filed a motion to dismiss her First Amended Complaint as to all claims and all parties without the imposition of costs. Specifically, she seeks to dismiss the complaint with prejudice as to Option One, Meridian Financial, Meridian Mortgage, Meridian Properties, Park, and Yango, and without prejudice as to Defendants Express, 3M, Meridian Underwriters, Inc. ("Meridian Underwriters"), Campbell, and Rabang.

These petitions and motions were heard on June 8 and June 19, 2008. After careful consideration of the petitions, motions, supporting and opposing

memoranda, and the arguments of counsel, the Court hereby FINDS that the settlement was entered into in good faith, and RECOMMENDS that a determination of good faith settlement be made, and that all claims in this action be DISMISSED.

## RELEVANT LAW

Under Hawaii law, "[a] determination by the court that a settlement was made in good faith shall: (1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and (2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement." Haw. Rev. Stat. § 663-15.5. A court must examine the totality of the circumstances to determine whether a settlement has been made in good faith for the purposes of § 663-15.5. Troyer v. Adamas, 102 Haw. 399, 403 (2003).

## DISCUSSION

There are two sets of issues presently before the Court: whether the settlement agreements between the various parties were entered into in good faith, and the manner in which Plaintiff will be allowed to dismiss her claims against the various defendants. There is little dispute that the settlement agreements

themselves were entered into in good faith. While Express and 3M filed objections to the Option One and Roth's petitions for good faith determination, their counsel conceded during the June 19 hearing that neither Express nor 3M believed that there had been any bad faith in reaching these settlement agreements. The Court, being quite familiar with the settlement negotiations between these parties, agrees with Express and 3M, and FINDS that based on the totality of the circumstances, these settlement agreements were entered into in good faith for the purposes of Haw. Rev. Stat. § 663-15.5.

What is disputed, however, is whether the Court should allow Plaintiff to dismiss some of her claims without prejudice, and if so, whether any conditions should be imposed on such a dismissal. Except under certain circumstances, a plaintiff may only voluntarily dismiss an action by obtaining an order of the court, and only on "terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

Express and 3M agree that Roth should be allowed to dismiss her claims, with prejudice, as requested, against Option One, Meridian Financial, Meridian Mortgage, Meridian Properties, Park, and Yango. Express and 3M further agree that Roth should be allowed to dismiss her claims against Campbell,

Rabang, and Meridian Underwriters without prejudice, as requested.  Express and 3M disagree with Roth, however, about the manner in which she should be allowed to dismiss her claims against themselves.

Specifically, Express and 3M contend that Roth should only be allowed to dismiss her claims against Express and 3M with prejudice, or, in the alternative, without prejudice, but conditioned on payment of fees and costs to Express and 3M.  Express and 3M contend that they merit the opportunity to recover their fees and costs because of an unaccepted Rule 68 offer they made to Third Party Plaintiffs, and because 3M and Express ought to be considered prevailing parties.

As Roth points out, however, "3M and Express were initially brought into this lawsuit by Defendants . . . [and] Plaintiff brought in 3M and Express as defendants less than 4 months ago." (Roth's Mem. Supp. Mot. Dismiss.)  Thus, the bulk of the costs that they incurred were not the result of Roth's claims against them, but the other defendants' claims.  There was no delay on the part of Roth, who was diligent in both prosecuting the action, and in bringing her motion to dismiss.  Express and 3M did not file discovery requests, nor did they take any depositions.  No expert reports were prepared, and no trial preparation has taken place.  Express and 3M do not show that it would be prejudicial or unfair to allow

Plaintiff to refile her action against them at a later time.  Accordingly, the Court hereby FINDS that it is appropriate to allow Roth to dismiss this action without prejudice, and without condition.

The Court RECOMMENDS that the petitions for determination of good faith settlement be GRANTED, and Roth's motion to dismiss be GRANTED in its entirety.

## CONCLUSION

The Court FINDS and RECOMMENDS that the petitions for determination of good faith settlement be GRANTED, and that Roth's motion to motion to dismiss her complaint, with prejudice, as to Option One, Meridian Financial, Meridian Mortgage, Meridian Properties, Park, and Yango, and without prejudice as to Express, 3M, Meridian Underwriters, Inc., Campbell, and Rabang, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: June 26, 2008

Meridian Financial Network, Inc., et al.; Civ. No. 07-00045 JMS-BMK; FINDING AND RECOMMENDATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND DISMISSAL OF CLAIMS.