IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARLENE LYNN ROTH, | ) CIVIL NO.  07-00045 JMS/BMK |
| | ) |
| Plaintiff, | ) ORDER ADOPTING IN PART |
| | ) AND MODIFYING IN PART |
| v. | ) MAGISTRATE JUDGE'S |
| | ) FINDING AND |
| MERIDIAN FINANCIAL NETWORK, | ) RECOMMENDATION FOR |
| INC., et al., | ) DETERMINATION OF GOOD |
| | ) FAITH SETTLEMENT AND |
| Defendants. | ) DISMISSAL OF ALL CLAIMS |
| _____ | ) |
| MERIDIAN FINANCIAL NETWORK, | ) |
| INC., et al., | ) |
| | ) |
| Counterclaimants | ) |
| Cross-Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| MARLENE LYNN ROTH, | ) |
| | ) |
| Counterclaim | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| OPTION ONE MORTGAGE | ) |
| CORPORATION, | ) |
| | ) |
| Cross-Claim | ) |
| Defendant. | ) |
| _____ | ) |

| | |
|---|---|
| MERIDIAN FINANCIAL NETWORK, INC., et al., | )<br>)<br>) |
| Third-Party Plaintiffs, | )<br>)<br>) |
| v. | )<br>)<br>) |
| 3M INVESTMENTS, INCORPORATED and EXPRESS HOME LOANS, LLC, | )<br>)<br>) |
| Third-Party Defendants. | )<br>)<br>) |
| _____ | ) |

**ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S FINDING AND RECOMMENDATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND DISMISSAL OF ALL CLAIMS**

On June 26, 2008, United States Magistrate Judge Barry M. Kurren entered his Finding and Recommendation for Determination of Good Faith Settlement and Dismissal of All Claims ("June 26, 2008 F&R"). On July 15, 2008, Third-Party Defendants and Counter Claimants/Cross Claimants 3M Investments Inc. ("3M") and Express Home Loans LLC ("Express") (collectively, "3M/Express") filed an Objection to the June 26, 2008 F&R ("Objection"). Based on the following, the court ADOPTS in part and MODIFIES in part the June 26, 2008 F&R.

## I. BACKGROUND

On January 26, 2007, Plaintiff Marlene Roth ("Plaintiff") filed her original Complaint against Defendants Meridian Financial Network, Inc., Meridian Mortgage, Inc., Meridian Underwriters, Inc., Meridian Properties, Inc., Jerry Park, Barbara Yango, Tedric D.K. Campbell, Ronald R. Rabang, and Option One Mortgage Corp. alleging that Defendants breached promises made to her in a series of loan transactions, and failed to make statutorily required disclosures. 3M/Express were brought into the case as Third-Party Defendants on March 2, 2007.  Plaintiff filed an amended Complaint naming 3M/Express as Defendants on January 25, 2008.

Plaintiff reached settlement agreements with all parties except for 3M/Express, and the settling parties petitioned the court for a finding of good faith settlement, and for dismissal of all claims, except those against 3M/Express.  In the June 26, 2008 F&R, Magistrate Judge Kurren found that the settlement was reached in good faith, and recommended that a determination of good faith settlement be made.

Plaintiff also filed a motion pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss her amended Complaint as to all claims against all parties without the imposition of costs.  Plaintiff sought to dismiss her claims with

prejudice as to Defendants Meridian Financial Network, Inc., Meridian Mortgage, Inc., Meridian Properties, Inc., Jerry Park, Barbara Yango, and Option One Mortgage Corp.  Plaintiff sought dismissal without prejudice as to Meridian Underwriters, Ronald Rabang, Tedric Campbell, and 3M/Express.  3M/Express opposed Plaintiff's motion to dismiss her claims against them without prejudice.  Magistrate Judge Kurren found that it was appropriate to allow Plaintiff to dismiss her claims against 3M/Express without prejudice, and without condition.  June 26, 2008 F&R 7.  3M/Express filed their Objection to this portion of the June 26, 2008 F&R on July 15, 2008.  None of the other parties filed a Response to the Objection.

After the June 26, 2008 F&R was filed, Campbell defaulted on certain provisions of the settlement agreement with Plaintiff.  On July 7, 2008, Plaintiff and Campbell filed a Stipulation Regarding Immediate Filing of Stipulated Judgment and Order for Entry of Judgment as to Defendant Tedric D.K. Campbell, stating that Campbell agreed that pursuant to the settlement agreement, a modified Stipulated Judgment and Order for Entry of Judgment would be immediately filed.  On July 8, 2008, the Stipulated Judgment and Order for Entry of Judgment was filed, entering judgment in favor of Plaintiff against Campbell.

## II. **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."); 28 U.S.C. § 636(b)(1). De novo review means the court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

///

///

///

### III.  ANALYSIS

The court first addresses the Objection filed by 3M/Express, and then addresses the effect of the Stipulated Judgment and Order for Entry of Judgment between Plaintiff and Campbell entered after the June 26, 2008 F&R was filed.

**A.     Affirming in Part as to the Dismissal of 3M/Express**

3M/Express do not object to the finding of good faith settlement; rather, they object to the dismissal of Plaintiff's claims against 3M/Express without prejudice, and without payment of fees and costs to 3M/Express.  The Objection appears to state two grounds upon which 3M/Express object to the June 26, 2008 F&R: (1) "for all the reasons stated in Defendant's Memorandum in Opposition filed May 30, 2008 and incorporated by reference herein," and (2) "Defendant's argument that they are entitled to attorney fees and costs as a matter of contract for having to protect their rights as the holder of the Promissory Note."  Objection 4.  The court addresses each of these arguments in turn.

*1.     Arguments in Memorandum Incorporated by Reference*

Rather than identify the specific grounds upon which they object to specific findings or conclusions contained in the June 26, 2008 F&R, 3M/Express instead assert a blanket objection incorporating by reference "all of the reasons" stated in their May 30, 2008 Memorandum in Opposition, which was considered

by Magistrate Judge Kurren below. Although 3M/Express do not identify under what authority they "incorporate by reference" their previous arguments, it appears they may rely on Federal Rule of Civil Procedure 10(c).

Rule 10(c) provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." According to its plain meaning, Rule 10(c) does not apply to statements in filings outside of pleadings, *e.g.*, documents other than the complaint, answer, and answer to a counterclaim designated as a counterclaim. *See* Fed. R. Civ. P. 7(a) (defining "pleadings" as opposed to "motions"); *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (holding under Rules 7(b)(2) and 10(c) that "the incorporation of substantive material by reference is not sanctioned by the federal rules at issue, and the district court did not abuse its discretion in striking the incorporations"); *see also Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (stating that Rule 10(c) applies to "pleadings" and not "motions").

The May 30, 2008 Memorandum in Opposition filed by 3M/Express is not a "pleading" under the Federal Rules. Accordingly, Rule 10(c) does not

allow 3M/Express to "refer back" to that document or "incorporate by reference" earlier arguments that they wish the court to consider in their Objection.

Nonetheless, the court has reviewed the May 30, 2008 Memorandum in Opposition, and does not find persuasive any of the arguments contained therein. Rule 41(a)(2) provides that the court may enter an order voluntarily dismissing an action. "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (*citing Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982)). In determining whether dismissal should be with or without prejudice, the court considers the following factors: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005); *see also Helio, LLC v. Palm, Inc.*, 2007 WL 1063507, at *2 (N.D. Cal. Apr. 9, 2007) ("For instance, prejudice may be the loss of a federal forum, the right to a jury trial, or a statute-of-limitations defense."); *Woodfin Suite Hotels, LLC v. City of Emeryville*, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007)

("The Court will consider whether significant discovery or pretrial preparations have taken place; prejudice does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." (citation and quotation signals omitted)).

3M/Express fail to show that it would be prejudicial or unfair to allow Plaintiff to refile her action against them at a later time. The case has not been prepared for trial; in fact, 3M/Express have not filed any discovery requests, no pretrial statement was filed, and trial preparation had not commenced. Further, there is no indication that Plaintiff engaged in excessive delay or lacked diligence in prosecuting the action. Rather, Plaintiff moved to dismiss the Complaint less than four months after naming 3M/Express as Defendants. In sum, no significant discovery or pretrial preparations have taken place, and 3M/Express have not shown that they will suffer prejudice. Because 3M/Express fail to make the required showing, the court AFFIRMS the June 26, 2008 F&R to the extent it recommends that Plaintiff's motion to dismiss be granted as to 3M/Express.

### 2.    *Contractual Right to Seek Attorney's Fees*

3M/Express also object on the grounds that Plaintiff's Motion to Dismiss cannot foreclose their right to seek attorney's fees under Federal Rule of Civil Procedure 54 and as holder of the Promissory Note. The Promissory Note

provides for the payment of reasonable attorney's fees and costs for protecting or enforcing the rights of the holder of the note, and 3M/Express claims that because it sought to protect its rights as holder, it is entitled to fees and costs. 3M/Express argue that because the June 26, 2006 F&R does not address the issue of Rule 54 and the contract, they do not know if the court erred or if they are free to petition the court under Rule 54 and the contract after entry of judgment.

The court first observes that whether 3M/Express are entitled to attorney's fees by virtue of the Promissory Note is not determinative of whether Plaintiff's claims should be dismissed with or without prejudice. Second, to the extent 3M/Express have not yet moved for attorney's fees under Rule 54, the court will not decide prospectively whether or not they are entitled to fees under the contract. Under Rule 54(d)(2):

> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses *must be made by motion* unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
>
> > (i) be filed no later than 14 days after the entry of judgment[.]

(emphasis added).  Judgment has not been entered against 3M/Express and they have not filed a motion for attorney's fees.  In the absence of a motion for attorney's fees, the court will not prospectively decide whether 3M/Express are entitled to seek fees.  The argument made in their Objection -- that "the court seems to ignore Defendant's argument that they are entitled to attorney's fees as a matter of contract" -- is unavailing.  These arguments are not dispositive of whether or not Plaintiff's motion to dismiss should be granted.

The court AFFIRMS the June 26, 2008 F&R to the extent it grants Plaintiff's motion to dismiss her claims against 3M/Express without prejudice.

**B.     Modifying in Part as to Dismissal of Claims Against Campbell**

The June 26, 2008 F&R recommends that Plaintiff's claims against Campbell be dismissed without prejudice.  After the June 26, 2008 F&R was filed, however, the Stipulated Judgment and Order for Entry of Judgment was filed, entering judgment in favor of Plaintiff against Campbell on July 8, 2008.  As a result, Plaintiff's claims against Campbell have been adjudicated and cannot be dismissed without prejudice.

The court therefore MODIFIES the June 26, 2008 F&R to the extent it recommends granting Plaintiff's motion to dismiss her claims against Campbell without prejudice as follows:

Plaintiff's Motion to Dismiss without prejudice her claims against Campbell is DENIED on the grounds that judgment has already been entered on those claims, pursuant to the July 8, 2008 Stipulated Judgment and Order for Entry of Judgment.

## IV.  **CONCLUSION**

Based on the foregoing, the court ADOPTS in part and MODIFIES in part the June 26, 2008 F&R as set forth in this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 19, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Roth v. Meridian Fin. Network, Inc. et al.*, Civ. No. 07-00045 JMS/BMK; Order Adopting in Part and Modifying in Part Magistrate Judge's Finding and Recommendation for Determination of Good Faith Settlement and Dismissal of All Claims