IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARLENE LYNN ROTH, | ) | CIV. NO. 07-00045 JMS-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING 3M |
| v. | ) | INVESTMENTS, INC. AND |
| | ) | EXPRESS HOME LOANS, LLC'S |
| MERIDIAN FINANCIAL | ) | 17 SEPTEMBER 2008 POST |
| NETWORK, INC., et al., | ) | JUDGMENT MOTION FOR |
| | ) | ORDER: |
| Defendants, | ) | (1) DECLARING 3M AND |
| | ) | EXPRESS "PREVAILING |
| _____ | ) | PARTIES" THEREBY ENTITLED |
| | ) | TO: (A) FILE A BILL OF COSTS |
| MERIDIAN FINANCIAL | ) | AND OBTAIN AN AWARD OF |
| NETWORK, INC., et al., | ) | COSTS VIA FED. R. CIV. P. |
| | ) | 54(d)(1); |
| Counterclaimants and | ) | (B) SEEK AN AWARD OF |
| Cross-Claimants, | ) | ATTORNEY'S FEES PURSUANT |
| | ) | TO FED. R. CIV. P. 54(d)(2) IN |
| v. | ) | TANDEM WITH APPLICABLE |
| | ) | LAW INCLUDING H.R.S. 607:14; |
| MARLENE LYNN ROTH, | ) | AND/OR, |
| | ) | (2) DECLARING 3M AND |
| Counterclaim | ) | EXPRESS TO BE ENTITLED TO |
| Defendant, | ) | AN AWARD OF COSTS VIA |
| | ) | FED.R.CIV.P. 68(a), (b), and (d) |
| and, | ) | |
| | ) | |
| OPTION ONE MORTGAGE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Cross-Claim Defendant, | ) | |
| _____ | ) | |
| | ) | |
| MERIDIAN FINANCIAL | ) | |

```
NETWORK, INC., et al.,            )
                                  )
        Third-Party Plaintiffs,   )
                                  )
   v.                             )
                                  )
3M INVESTMENTS, INC., et al.,     )
                                  )
        Third-Party Defendants,   )
                                  )
_____   )
                                  )
3M INVESTMENTS, INC., et al.,     )
                                  )
        Third-Party               )
        Counterclaimants and      )
        Cross-Claimants,          )
                                  )
   v.                             )
                                  )
MERIDIAN FINANCIAL                )
NETWORK, INC., et al.,            )
                                  )
        Third-Party               )
        Counterclaim              )
        Defendants,               )
                                  )
        and,                      )
                                  )
JERRY C. PARK, et al.,            )
                                  )
        Cross-Claim Defendants.   )
```

ORDER DENYING 3M INVESTMENTS, INC. AND EXPRESS HOME LOANS, LLC'S 17 SEPTEMBER 2008 POST JUDGMENT MOTION FOR ORDER: (1)DECLARING 3M AND EXPRESS "PREVAILING PARTIES" THEREBY ENTITLED TO: (A) FILE A BILL OF COSTS AND OBTAIN AN AWARD OF COSTS VIA FED. R. CIV. P. 54(d)(1); (B) SEEK AN AWARD OF

ATTORNEY'S FEES PURSUANT TO FED. R. CIV. P. 54(d)(2) IN TANDEM
WITH APPLICABLE LAW INCLUDING H.R.S. 607:14; AND/OR,
(2) DECLARING 3M AND EXPRESS TO BE ENTITLED TO AN AWARD OF
COSTS VIA FED.R.CIV.P. 68(a), (b), and (d)

Before the Court is Third-Party Defendant 3M Investment Inc. ("3M") and Express Home Loans, LLC's ("Express") Motion For Order: (1) Declaring 3M/Express "Prevailing Parties" Thereby Entitled to (A) File a Bill of Costs and Obtain an Award of Costs Via Fed. R. Civ. P. 54(d)(1); (B) Seek an Award of Attorney's Fees Pursuant to Fed. R. Civ. P. 54(d)(2) in Tandem with Applicable Law Including H.R.S. 607:14; and/or (2) Declaring 3M/Express to be Entitled to an Award of Costs Via Fed. R. Civ. P. 68(a), (b), and (d) (hereinafter "Post Judgment Motion").  After careful review of the memoranda in support and in opposition to the motion the motion is DENIED.

## BACKGROUND

This matter originated with a number of mortgage loan transactions. Plaintiff Marlene Lynn Roth ("Roth") alleged that Defendants Option One Mortgage Corporation, Meridian Financial Network, Inc., Meridian Mortgage Inc., Meridian Underwriters, Inc., Meridian Properties, Inc., Jerry D.C. Park, Barbara A. Yango, Tedric D.K. Campbell, and Ronald R. Rabang[1] had targeted her with

---

[1] The following terms will be used to identify different groups of defendants. Defendants Meridian Financial Network, Inc., Meridian Mortgage Inc., Meridian Underwriters, Inc., Meridian Properties, Inc., Jerry D.C. Park, and Barbara A. Yango are referred to herein,

predatory lending practices.  In her complaint filed January 26, 2007, Roth claimed that the Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA") and Hawaii Revised Statutes, Chapter 480 (Chapter 480).

On March 2, 2007 the Meridian Defendants filed a Third-Party Complaint against 3M and Express.  3M and Express filed cross-claims against all the Defendants and a counterclaim against the Meridian Defendants.   3M and Express filed no claims against the Plaintiff.

On January 28, 2008, Plaintiff amended her complaint to include multiple claims against 3M and Express including: (1) violation of RESPA; (2) violation of TILA; (3) violation of Chapter 480; (4) slander; (5) fraud; (6) conspiracy; (7) unjust enrichment; and (8) usury pursuant to H.R.S. Chapter 478. 3M and Express filed no counterclaims against Plaintiff.  On April 21, 2008, the District Court for the District of Hawaii denied Plaintiff's Motion for Partial Summary Judgment on Plaintiff's claim of usury. This was the only action taken by the Court on any of Plaintiff's claims against 3M and Express.

---

collectively, as "Meridian Defendants."  Defendants Option One Mortgage Corporation, Meridian Financial Network, Inc., Meridian Mortgage Inc., Meridian Underwriters, Inc., Meridian Properties, Inc., Jerry D.C. Park, Barbara A. Yango, Tedric D.K. Campbell, and Ronald R. Rabang are herein referred to collectively, as "Original Defendants."  Defendants 3M, Express, Option One Mortgage Corporation, Meridian Financial Network, Inc., Meridian Mortgage Inc., Meridian Underwriters, Inc., Meridian Properties, Inc., Jerry D.C. Park, Barbara A. Yango, Tedric D.K. Campbell, and Ronald R. Rabang are herein referred to collectively, as "Defendants."

A settlement was ultimately reached among all the parties except 3M and Express, and on August 19, 2008 the District Court issued an order holding that the settlement had been entered into in good faith.  (Order Adopting In Part And Modifying In Part Magistrate Judge's Finding And Recommendation For Determination Of Good Faith Settlement And Dismissal Of All Claims (hereinafter "Settlement Order"); <u>see also</u> Finding and Recommendation For Determination Of Good Faith Settlement And Dismissal Of Claims (hereinafter "Settlement Finding and Recommendation")).  The Settlement Order also dismissed all of Plaintiff's claims against all Defendants, including 3M and Express.  Plaintiff's claims against the Original Defendants were dismissed with prejudice except as to claims against Meridian Underwriters and Rabang, which were dismissed without prejudice.  (Settlement Order 11).  Roth's claims against 3M and Express were also dismissed without prejudice, over the objection of 3M and Express.  (Memorandum In Support Of Opposition 1).

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, the prevailing party in an action may be entitled to attorney fees and "should be allowed costs."  Fed. R. Civ. P. 54(d).  Therefore, preliminary to any determination of an award of fees or costs, the Court must determine whether a party prevailed.  The Supreme Court has held that "[t]he touchstone of the prevailing party inquiry must be the material alteration

of the legal relationship of the parties . . ..″ <u>Texas State Teachers Association v. Garland Independent School District</u>, 489 U.S. 782, 792-93 (1989). The threshold for eligibility for costs or fees is success "on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought'." <u>Id.</u> at 791-2 (quoting <u>Nadeau v. Helgemoe</u>, 581 F.2d 275, 278-79 (1st Cir. 1978)).

      The absence of a favorable final judgment is not always determinative of prevailing party status. A party may be deemed prevailing where a favorable settlement was enforced by a consent decree, <u>Maher v. Gagne</u>, 448 U.S. 122, 129 (1980), or when a dismissal results in a change of the legal relationship between the parties. <u>Cano v. Glover</u>, 48 Cal. Rptr. 3d 871, 874 (Cal. App. Ct. 2006) (dismissing case with prejudice after four unsuccessful attempts to state a claim); <u>Miles v. State of California</u>, 320 F.3d 986, 989 (9th Cir. 2003) (dismissing federal claim with leave to seek relief under state law).  However, "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit" does not bestow prevailing party status on the plaintiff.  <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health</u>, 532 U.S. 598, 605 (2001).

ANALYSIS

      3M and Express seeks a declaration that they are the prevailing parties, but their Motion does not specify against whom they believe they have

prevailed.  Therefore, the Court will consider (1) whether 3M and Express prevailed against Roth, and (2) whether 3M and Express prevailed against the Original Defendants.

A.   <u>3M and Express Did Not Prevail Against Roth</u>

In her Amended Complaint, Roth brought several causes of action against 3M and Express.  Of these, only the state law claim of usury was ever before the Court in the form of a Motion for Partial Summary Judgment.  (Plaintiff Roth's Opp. 3).  The Court Denied Roth's Motion, finding that genuine issues of material fact existed as to the usury claim.  This action by the Court, however, did not alter the legal relationship between the parties; the claim of usury was still a part of the complaint at the time when the case was dismissed.  Merely surviving an otherwise dispositive motion "is not the type of legal merit . . . necessary" to be deemed the prevailing party.  <u>Buckhannon</u>, 532 U.S. at 605.

3M and Express also argue that Roth's dismissal of all claims against 3M and Express is sufficient to make 3M and Express prevailing parties.  However, Roth's claims against 3M and Express were dismissed without prejudice, over 3M and Express's objection.  (Memorandum In Support Of Opposition 1).  Dismissal without prejudice left the parties essentially in the same position as when the case began without altering the legal relationship at all.  This is distinguishable from the facts in <u>Miles</u>, a case relied upon by 3M and Express, in which the

Plaintiff's federal claims were barred by Sovereign Immunity.  Although the Plaintiff in <u>Miles</u> was free to pursue redress in State Court, the dismissal of the federal claim "changed the legal relationship of Miles with respect to the State." 320 F.3d at 989.  Here, no alteration of the legal relationship occurred and all Roth's original claims against 3M and Express could be renewed at her discretion.

Furthermore, 3M and Express were not included in the settlement agreement ultimately approved by the court. (Settlement Order 3).  Therefore, Roth's decision to dismiss her claims against 3M and Express amounts to a "voluntary change in conduct" that "lacks the necessary judicial imprimatur on the change" to warrant a finding that 3M and Express prevailed in this action. <u>Buckhannon</u>, 532 U.S. at 605.

B.     <u>3M and Express Did Not Prevail Against Original Defendants</u>

The Meridian Defendants filed a Third-Party Complaint against 3M and Express, bringing them into this action.  3M and Express then filed counterclaims against the Meridian Defendants and cross-claims against all the Original Defendants.  None of these claims was ever adjudicated.  All claims were dismissed when the settlement agreement among all the parties except 3M and Express was determined by the Court to be in good faith.  (Settlement Order 12).

Under Hawaii law, "[a] determination by the court that a settlement was made in good faith shall: (1) Bar any other joint tortfeasor or co-obligor from

any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement . . ..." Haw. Rev. Stat. § 663-15.5. Therefore, 3M and Express are barred from pursuing fees and costs against Original Defendants.

Even in the absence of § 663-15.5, 3M and Express would not be the prevailing party as to the Original Defendants. All cross-claims and counterclaims were derivative of Roth's claims. When all cross-claims and counterclaims among Defendants were dismissed with prejudice, it left the Defendants in the same legal relation to each other as before the action began. No change in the legal relationships among the Defendants occurred. Therefore none of the Defendants can be deemed prevailing as against any other Defendant.

C.  3M and Express Are Not Entitled to Costs or Attorneys' Fees Under Haw. Rev. Stat. § 607- 14

Hawaii state law provides that "in all actions in the nature of assumpsit" and in actions on a written contract or promisory note providing for attorneys' fees, attorneys' fees are "to be paid by the losing party." Haw. Rev. Stat. §607-14. Assuming arguendo that this provision is applicable to 3M and Express's situation, 3M and Express would nonetheless be entitled to no costs or fees. As discussed above, 3M and Express are not prevailing parties as to either Roth or any of the Original Defendants. Conversely, neither Roth nor any of the Original Defendants are the "losing party" as set forth in the statute.

D.    <u>3M and Express Are Not Entitled to Costs Under Fed. R. Civ. P. 68(a)</u>

When an offer of settlement is declined, the offeror may recover costs "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer." Fed. R. Civ. P. 68(d).

3M and Express's Post Judgment Motion obliquely refers to a settlement offer tendered April 25, 2007. (Mot. 3). However, neither Roth nor the Meridian Defendants acknowledge receipt of such an offer. (Pl. Roth's Opp. 30; Def. Meridian Defendants' Opp. 10). 3M and Express has proffered no evidence or affidavit with their Post Judgment Motion confirming the existence of such a settlement offer. It is doubtful that such a settlement would be relevant: neither Roth nor the Original Defendants ever obtained any judgment to which 3M and Express's alleged offer could be compared. Here, 3M and Express has proffered no evidence to support their prayer for costs under Rule 68, and therefore this portion of their Motion is DENIED.

E.    <u>3M and Express Have Failed to Support This Motion as Required by Local Rule 54.3</u>

To the extent that the present Motion is in actuality a prayer by 3M and Express for attorney's fees and costs, the Motion fails to meet the requirements of Local Rule 54.3 ("L.R."). Movants seeking fees must submit a supporting memorandum setting forth: the nature of the case, the claims on which movant

prevailed, the claims on which movant did not prevail, authority entitling movant to an award, a detailed description of the work performed by each attorney or paralegal, the customary fee for the attorney and the prevailing fee in the attorney's community, a detailed list of expenditures for which reimbursement is sought, and any relevant additional factors.  (L.R. 54.3).

3M and Express submitted an "attorney fees and costs voucher" with their memorandum.  (Post Judgment Motion, Ex. 5).  This voucher, however, is out of conformity with the requirements of L.R. 54.3 in several respects: the description of work performed is not organized by litigation phase; the description of work performed is not sufficiently detailed so that "the reasonableness of the requested fees can be evaluated"; no statutory or contractual authority is specified to support specific awards of fees and non-taxable costs[2]; no description of the relevant qualifications and experience of the paralegal who contributed to the case is provided; and fees for work performed by a legal secretary are sought, even though the rules provide no support for recovery of such fees.  3M and Express's Post Judgment Motion is therefore DENIED, for failure to comply with the requirement of L.R. 54.3.

---

[2]  This deficiency is particularly significant in this instance.  3M and Express direct their motion against no particular party.  However the rationale and authority for a particular request may differ depending on which party it is directed against and the Court has no way of evaluating the reasonableness of a particular request as against a given party without knowing the authority upon which Movant bases their request.

## CONCLUSION

For the foregoing reasons, 3M and Express's Post Judgment Motion is DENIED as to their prayer for an order declaring 3M and Express the prevailing parties, and 3M and Express's Post Judgment Motion is DENIED as to costs under Fed. R. Civ. P. 68.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, October 21, 2008.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Roth v. Meridian Financial Network, Inc.; CIV. NO. 07-00045 JMS-BMK; ORDER DENYING 3M INVESTMENTS, INC. AND EXPRESS HOME LOANS, LLC'S 17 SEPTEMBER 2008 POST JUDGMENT  MOTION FOR ORDER:(1)DECLARING 3M AND EXPRESS "PREVAILING PARTIES" THEREBY ENTITLED TO: (A) FILE A BILL OF COSTS AND OBTAIN AN AWARD OF COSTS VIA FED. R. CIV. P. 54(d)(1); (B) SEEK AN AWARD OF ATTORNEY'S FEES PURSUANT TO  FED. R. CIV. P. 54(d)(2) IN TANDEM WITH APPLICABLE LAW INCLUDING H.R.S. 607:14; AND/OR, (2) DECLARING 3M AND EXPRESS TO BE ENTITLED TO AN AWARD OF COSTS VIA FED.R.CIV.P. 68(a), (b), and (d)